# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SISNEROZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WHITMAN, et. al.,<br><br>　　　　　Defendants.<br>_____/ | CV F   05 00519 AWI LJO P<br><br>ORDER CONSTRUING "MOTION OF RESPONSE AND OBJECTION TO MAGISTRATE ORDER" AS MOTION FOR RECONSIDERATION  (Doc. 14.)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (Doc. 14.) |

　Frank Sisneroz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　On August 4, 2005, this Court issued an Order severing Plaintiff's claims as they were contained in a Complaint with numerous Plaintiff's.

　On August 30, 2005, Plaintiff filed a pleading titled "Motion of Response and Objection to Magistrate Order." In this Pleading, Plaintiff expresses his disagreement with the Order severing the Plaintiff from the original action. Although not captioned as a Motion for Reconsideration, Plaintiff clearly indicates in the Conclusion that he wishes the District Court Judge to review and reconsider the Magistrate's Order.

　Motions to reconsider a prior court order are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water

Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 828 F.2d 514 (9th Cir. 1987).

In this case, Plaintiff states that the action initially filed by numerous Plaintiff's was intended to be a class action as all of the Plaintiff's experienced the same deprivations of constitutional rights and conditions of confinement at Tulare County Jail.  Plaintiff states that Magistrate erred by not examining class certification and appointing counsel to represent the class.

As a preliminary matter, the Court's review of the record reveals that no Motion for Class Certification appears to have been filed in the original action.  Even assuming one was filed, the request for class certification must be denied.

The original action was filed by the Plaintiff, Frank Sisneroz. and is signed by all of the Plaintiff's named in the Complaint.  Plaintiff, however, is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, Plaintiff cannot "fairly and adequately protect the interests of the class" as required by Fed. R. Civ. P. 23(a)(4).  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by Plaintiff.  Accordingly, Plaintiff's request for reconsideration of the Magistrate Judge's Order severing the cases was not improper and Plaintiff's Motion is DENIED.

With regard to Plaintiff's allegation that the Magistrate Judge erred in not appointing counsel, similarly, no such Motion for the Appointment of Counsel was filed.  In any event, the Court's ability to appoint counsel in civil rights cases is extremely limited.   The Court cannot Order an attorney to represent a Plaintiff.  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).   In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer,  935 F.2d 1015, 1017 (9th Cir. 1991).   Without a reasonable method of

securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (*citations omitted*). The Court finds that at this time the case does not present the type of exceptional circumstances that would warrant a search for counsel. Accordingly, the Magistrate Judge did not err by not appointing counsel to represent the Plaintiff's sua sponte. The Motion for reconsideration is DENIED.

     Accordingly, the Court HEREBY ORDERS:

1. The Motion of Response and Objection is CONSTRUED as Motion for Reconsideration; and

2. The Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:**   **November 9, 2005**                  **/s/ Anthony W. Ishii**
0m8i78                                               UNITED STATES DISTRICT JUDGE