# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-cv-00519-AWI-GSA-PC |
|     Plaintiff, | ORDER RE SUPPLEMENTAL COMPLAINT LODGED ON JULY 24, 2008 |
| v. | (Doc. 37.) |
| WHITMAN, et al., | ORDER DIRECTING THE CLERK TO RETURN SUPPLEMENTAL COMPLAINT TO PLAINTIFF |
|     Defendants. | |

Frank E. Sisneroz ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed by plaintiff and four co-plaintiffs on April 20, 2005. (Doc. 1.) On August 4, 2005, the court issued an order severing the co-plaintiffs' claims and directing the Clerk of Court to open four new actions, with plaintiff proceeding as sole plaintiff in the instant action. (Doc. 10.) On May 25, 2006, plaintiff filed an amended complaint. (Doc. 23.) On April 11, 2008, the court screened the amended complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim upon which relief may be granted under § 1983, with leave to amend. (Doc. 33.) On May 12, 2008, plaintiff filed a second amended complaint. (Doc. 34.) On July 24, 2008, plaintiff submitted a supplemental complaint which was lodged by the court. (Doc. 37.)

A party may only file a supplemental complaint with leave of court. Fed. R. Civ. P. 15(d). Here, plaintiff has not requested, nor been granted, leave of court to file a supplemental complaint. Therefore, plaintiff does not have leave to file a supplemental complaint, and the Clerk of Court shall be directed to return it to plaintiff.

1 | Plaintiff is also informed that there exists an exhaustion requirement applicable to his
2 | case.  Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be
3 | brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
4 | a prisoner confined in any jail, prison, or other correctional facility until such administrative
5 | remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Section 1997e(a)
6 | exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435
7 | U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of
8 | the relief sought by the prisoner and regardless of the relief offered by the process, as long as the
9 | administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,
10 | 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need
11 | not meet federal standards, nor must they be 'plain, speedy, and effective.' " Porter, 534 U.S. at
12 | 524 (*citing* Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney
13 | v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Plaintiff may not exhaust while the suit is
14 | pending. McKinney, 311 F.3d at 1199-1201.

15 | Accordingly, IT IS HEREBY ORDERED that:
16 | 1. Plaintiff does not have leave to file a supplemental complaint at this time; and
17 | 2. The Clerk of Court is DIRECTED to return to plaintiff the original supplemental
18 | complaint lodged on July 24, 2008.

20 | IT IS SO ORDERED.
21 | Dated:   **October 8, 2008**          **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE