UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ,<br><br>    Plaintiff,<br><br>    v.<br><br>WHITMAN, et al.,<br><br>    Defendants. | 1:05-cv-00519-AWI-GSA-PC<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION<br>(Doc. 39.)<br><br>ORDER ALLOWING PLAINTIFF TO RE-SUBMIT SUPPLEMENTAL COMPLAINT, ACCOMPANIED BY MOTION, WITHIN THIRTY DAYS |

Plaintiff, Frank E. Sisneroz ("plaintiff") is a civil detainee proceeding pro se with a civil rights action under 42 U.S.C. § 1983.

**I.    BACKGROUND**

This action was filed by plaintiff and four co-plaintiffs on April 20, 2005. (Doc. 1.) On August 4, 2005, the court issued an order severing the co-plaintiffs' claims and directing the Clerk of Court to open four new actions, with plaintiff proceeding as sole plaintiff in the instant action. (Doc. 10.) On May 25, 2006, plaintiff filed an amended complaint. (Doc. 23.) On April 11, 2008, the court screened the amended complaint pursuant to 28 U.S.C. § 1915A and dismissed it for failure to state a claim upon which relief may be granted under § 1983, with leave to amend. (Doc. 33.) On May 12, 2008, plaintiff filed a second amended complaint. (Doc. 34.) On July 24, 2008, plaintiff submitted a supplemental complaint which was lodged by the court. (Doc. 37.) On October 8, 2008, the court declined to file the

1

supplemental complaint and returned it to plaintiff. (Doc. 38.) On October 22, 2008, plaintiff filed a motion for reconsideration of the court's October 8, 2008 order. (Doc. 39.) The motion for reconsideration is now before the court.

## II.   MOTION FOR RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 78-230(k)(3).

Plaintiff argues that the court should reconsider its October 8, 2008 order because the court relied on a provision of the Prisoner Litigation Reform Act of 1995 ("PLRA") which does not apply to plaintiff. On this ground, the court shall reconsider its order of October 8, 2008.

## III.   PRISON LITIGATION REFORM ACT

The PLRA, in 42 U.S.C. § 1997(e)(a), requires that a prisoner exhaust available administrative remedies before bringing a lawsuit in federal court regarding prison conditions. Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006). Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002). Plaintiff may not exhaust while the suit is pending. Id.

A civil detainee is not a prisoner within the meaning of the PLRA. Page v. Torrey, 201 F.3d 1136, 1140 (9th Cir. 2000). The PLRA's requirement that prisoners seeking to file civil actions

regarding prison conditions must exhaust available administrative remedies, does not apply to civil detainees under California's Sexually Violent Predators Act ("SVPA")." Id.

Plaintiff argues that the court erred in declining to file his supplemental complaint, because the court relied on a provision of the PLRA requiring prisoners to exhaust their administrative remedies, which does not apply to plaintiff. Plaintiff asserts that he is a civil detainee and not a prisoner within the meaning of the PLRA, and therefore he is not subject to the PLRA's exhaustion requirement. Plaintiff argues that the court should not have declined to file the supplemental complaint on the basis that it contained claims which had not been exhausted before plaintiff brought this action.

Plaintiff's argument has merit. The court recognizes that plaintiff is a civil detainee under the SVPA and not a prisoner within the meaning of the PLRA. The court acknowledges that plaintiff is not subject to the exhaustion requirement of the PLRA. The court also concedes that it based its decision in the October 8, 2008 order, in part, on plaintiff's failure to comply with the PLRA's exhaustion requirement. As such, the court erred in its consideration of the PLRA when deciding whether to file the supplemental complaint. However, the court did not only base its decision on plaintiff's failure to comply with the PLRA. The court also based its decision on plaintiff's failure to obtain leave of court to file the supplemental complaint under Rule 15(d), as discussed next.

**IV.   RULE 15(d)**

Under Rule 15(d), a party may only file a supplemental complaint with leave of court. Fed. R. Civ. P. 15(d). Rule 15(d) states, in part, "***On motion and reasonable notice***, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Id. (emphasis added).

Plaintiff submitted the supplemental complaint to the court on July 24, 2008 without leave of court, and without a motion for leave of court, to file a supplemental complaint. On this basis alone, the court had good cause to decline to file plaintiff's supplemental complaint. Therefore, the court's error in relying on the PLRA did not affect the court's final decision. Such harmless error does not provide good cause for the court to modify its order. However, plaintiff shall be granted an opportunity to re-submit the supplemental complaint with a separate motion requesting leave to file the supplemental

3

complaint, in compliance with Rule 15(d). Upon receipt of the motion and the supplemental complaint, the Clerk shall file the motion and lodge the supplemental complaint. If the motion is granted, the supplemental complaint will be filed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is GRANTED;
2. Within thirty days of the date of service of this order, plaintiff may re-submit the supplemental complaint which was returned to him pursuant to the court's order of October 8, 2008; and
3. Along with the supplemental complaint, plaintiff must also submit a motion for leave to file the supplemental complaint, pursuant to this order and Rule 15(d) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:   **February 20, 2009**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

4