1

2

3

4

5

6

7       **UNITED STATES DISTRICT COURT**

8            EASTERN DISTRICT OF CALIFORNIA

9

10   FRANK E. SISNEROZ,                    1:05-cv-00519-AWI-GSA-PC
                                          1:08-cv-01971-DLB-PC
11
                       Plaintiff,          ORDER RE PLAINTIFF'S REQUEST TO
12                                         CONSOLIDATE ACTIONS
          v.                               (Doc. 34.)
13
     WHITMAN, et al.,                      ORDER DIRECTING CLERK TO MOVE
14                                         COMPLAINT FROM 2008 CASE INTO THIS
                                           ACTION AS A SUPPLEMENTAL COMPLAINT
15                     Defendants.
                                           ORDER FOR CLERK TO ADMINISTRATIVELY
16                                         CLOSE 2008 CASE

17                                         ORDER FOR THIS ACTION TO PROCEED ON
                                           SECOND AMENDED COMPLAINT AND
18                                         SUPPLEMENTAL COMPLAINT

19                                         ORDER FOR CLERK TO DOCKET THIS
                                           ORDER IN BOTH CASES
20   _____/

21

22   **I.    BACKGROUND**

23          Frank E. Sisneroz ("plaintiff") is a civil detainee proceeding pro se and in forma pauperis

24   in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The complaint initiating this action

25   was filed on April 20, 2005.[1]  (Doc. 1.)  This action now proceeds on the second amended

26

27   _____
            [1]Plaintiff and four co-plaintiffs filed the original complaint on April 20, 2005. (Doc. 1.)  On August 4, 2005, the court
28   issued an order severing the co-plaintiffs' claims and directing the Clerk of Court to open four new actions, with plaintiff
     proceeding as sole plaintiff in the instant action.  (Doc. 10.)

                                          1

1 complaint filed May 12, 2008.  (Doc. 34.)  On April 14, 2009, plaintiff filed a request to

2 consolidate this action, 1:05-cv-00519-AWI-GSA-PC Sisneroz v. Whitman ("This Action") with

3 plaintiff's case 1:08-cv-01971-DLB-PC (Sisneroz v. Whitman) ("2008 Case").  (Doc. 46.)

4 Plaintiff's request is now before the court.

5 **II.    LEGAL STANDARD**

6      "When actions involving a common question of law or fact are pending before the court,

7 it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order

8 all the actions consolidated; and it may make such orders concerning proceedings therein as may

9 tend to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a).  Consolidation may be ordered

10 on motion of any party or on the court's own motion whenever it reasonably appears that

11 consolidation would aid in the efficient and economic disposition of a case.  See In re Air Crash

12 Disaster at Florida Everglades on December 29, 1972, 549 F.2d 1006 (5th Cir. 1977).  The grant

13 or denial of a motion to consolidate rests in the trial court's sound discretion, and is not

14 dependant on party approval.  Investors Research Co. v. United States Dist. Ct., 877 F.2d 777

15 (9th Cir. 1989); Cantrell v. GAF Corp., 999 F.2d 1007, 1007, 1001 (6th Cir. 1993).  In

16 determining whether to consolidate actions, the court weighs the interest of judicial convenience

17 against the potential for delay, confusion, and prejudice caused by consolidation.  Southwest

18 Marine, Inc., v. Triple A. Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989).

19 **III.    PLAINTIFF'S REQUEST**

20      Plaintiff requests consolidation of two of his pending cases.  In support of his request,

21 plaintiff offers evidence that the complaint he filed in the 2008 Case on December 29, 2008 was

22 originally meant as a supplemental complaint for This Action.[2]  Plaintiff states that he wishes to

23 proceed in This Action with the second amended complaint he filed on May 12, 2008, but he also

24 wishes the court to consider the complaint filed in the 2008 Case.

25

26      [2]On July 24, 2008, plaintiff lodged a supplemental complaint in This Action which was returned to him by
27 the court as improperly submitted.  (Docs. 37, 38.)  Plaintiff states that on December 29, 2008, he turned the
supplemental complaint into a new civil rights complaint and filed it as case 1:08-cv-01971-DLB-PC (Sisneroz v.
28 Whitman).  (Pltf's Response, Doc. 46 at 1.)  On February 20, 2009, plaintiff was granted leave to submit the
supplemental complaint in This Action.  (Doc. 42.)

**IV.     SUMMARY OF SECOND AMENDED COMPLAINT IN THIS ACTION**

        Plaintiff, a civil detainee presently housed at Coalinga State Hospital in Coalinga, brings this action against three defendants, Bill Whitman (Tulare County Sheriff), the Tulare County Board of Supervisors, and Thomas F. Johnson (Chief of Tulare County Mental Health Services) ("defendants").  Plaintiff alleges that defendants violated his rights to due process under the First, Fourth, and Fourteenth Amendments, his right to privacy, and his rights under the American Disabilities Act, when they failed to treat him appropriately as a civil detainee, pursuant to California Penal Code §§4000, 4002, when he was transported to and housed at the Tulare County Jail for court appearances to review his continued custody status, during twelve days in February 2003 and twelve days in April 2004.  Among the violations, plaintiff alleges he was transported in waist-chain handcuffs along with male and female prisoners, subjected to long delays, strip-searched where he was visible to other inmates, denied adequate showers and dayroom privileges, locked in a cell, served food under unsanitary conditions, denied daily phone calls, denied access to television and newspapers, and shackled with wrist and ankle chains when transported from floor to floor.  Plaintiff alleges that the penal inmates at the jail were given more access to the law library and religious activities than he was.  Plaintiff requests monetary damages and injunctive and declaratory relief.

**IV.     SUMMARY OF COMPLAINT IN 2008 CASE**

        In the complaint for the 2008 Case, plaintiff names three defendants, Bill Whitman (Tulare County Sheriff), the Tulare County Board of Supervisors, and Thomas F. Johnson (Chief of Tulare County Mental Health Services) ("defendants").  Plaintiff alleges that defendants violated his rights to due process under the First, Fourth, and Fourteenth Amendments, his rights to privacy and equal protection, and his rights under the American Disabilities Act, when they failed to treat him appropriately as a civil detainee, pursuant to California Penal Code §§4000, 4002, on several occasions in 2006 and 2007when plaintiff was transported to and housed at the Tulare County Jail for court appearances to review his continued custody status.  Among the violations, plaintiff alleges he was handcuffed with waist chains and leg chains for hours at a time, was placed in a holding cell with penal inmates who appeared unstable, finger-printed and

3

photographed along with other penal inmates, booked under an old charge and labeled with a big green card with "SEX" written on it, forced to wear county inmate clothing, held for hours in a cage, and chained to another inmate.  Plaintiff requests monetary damages and injunctive and declaratory relief.

**V.    DISCUSSION**

Plaintiff's two complaints pending before the court involve common questions of law and fact.  Fed. R. Civ. P. 42(a).  Both complaints were brought by plaintiff against the same three defendants for violations of plaintiff's rights to due process under the First, Fourth, and Fourteenth Amendments, his rights to privacy, and his rights under the American Disabilities Act, when defendants subjected plaintiff to conditions of confinement inappropriate for a civil detainee.  Both complaints allege that defendants treated him like a prisoner and not a civil detainee, when he was transported to the Tulare County Jail and housed there for court appearances to review his continuing custody status.  The primary difference between the two complaints is that the events alleged in one complaint occurred in 2003 and 2004, and the events in the other complaint occurred in 2006 and 2007.  Because one complaint "sets forth transactions, occurrences or events which have happened since the date" the other complaint was filed, the two complaints relate to each other under the Federal Rules of Civil Procedure as a complaint and a supplemental complaint for the same action.  Fed. R. Civ. P. 15(d).  Due to this relationship, it reasonably appears that entering both complaints into the same action would be more efficient and cost-effective than proceeding with two separate cases.

Plaintiff wishes to proceed with the second amended complaint in This Action and also wishes the court to consider the later allegations brought in the complaint for the 2008 Case.   To that end, the court shall direct the Clerk to move a copy of the complaint for the 2008 Case into This Action as a supplemental complaint, closing the 2008 Case.  This solution will allow plaintiff to proceed in one action with both the second amended complaint and a supplemental complaint.  Because only one case will remain open and all further litigation will proceed under only one case number, any potential for delay, confusion, and prejudice will be greatly reduced.

1    **VI.**    **CONCLUSION**

2        Based on the foregoing analysis, IT IS HEREBY ORDERED that:

3        1.      Plaintiff's request to consolidate cases, filed April 14, 2009, is RESOLVED.

4        2.      The Clerk of Court is DIRECTED to:

5            (1)      MOVE a copy of the complaint filed on December 29, 2008 (Doc. 1.) in

6                    case 1:08-cv-01971-DLB-PC (Sisneroz v. Whitman) into This Action,

7                    case 1:05-cv-00519-AWI-GSA-PC, and DOCKET it as a supplemental

8                    complaint;

9            (2)      DOCKET this order in both cases; and

10            (3)      Administratively CLOSE case 1:08-cv-01971-DLB-PC.

11        3.      This action shall proceed under case number 1:05-cv-00519-AWI-GSA-PC only,

12            on plaintiff's second amended complaint and supplemental complaint, and the

13            parties shall submit all further documents for this action under that case number

14            only.

15

16        IT IS SO ORDERED.

17        **Dated:**    **May 29, 2009**             /s/ **Gary S. Austin**

18                                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28