IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-cv-00519-AWI-GSA-PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 49.) |
| vs. | |
| WHITMAN, et al., | ORDER FOR THIS ACTION TO PROCEED ON PLAINTIFF'S DUE PROCESS, FOURTH AMENDMENT, AND PRIVACY CLAIMS, AND DISMISSING ALL OTHER CLAIMS |
| Defendants. | |

Frank E. Sisneroz ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 30, 2010, Findings and Recommendations were entered, recommending that this action proceed on the Second Amended Complaint and the Supplemental Complaint, on Plaintiff's due process, Fourth Amendment, and privacy claims, and that all other claims be dismissed based on Plaintiff's failure to state a claim. (Doc. 49.) On January 5, 2011, Plaintiff filed objections to the Findings and Recommendations. (Doc. 50.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file,

1

including Plaintiff's objections, the Court finds the Findings and Recommendations to be supported by the record and proper analysis.

In the objections, Plaintiff argues that his equal protection claim should not be dismissed because he was treated differently than pre-trial inmates accused of sex crimes who were also being held at the Tulare County Main Jail (Jail). To state an equal protection claim, Plaintiff must show that the defendant intentionally discriminated against him based on his membership in a protected class, Thornton v. City of St. Helens, 425 F.3d 1158, 1166-97 (9th Cir. 2005); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).  Plaintiff alleges that he was not allowed the same privileges as prisoners at the Jail charged with sex crimes, such as placement in the general population, daily showers, access to television, newspapers, and books, and free opportunity to participate in religious services. However, Plaintiff is a civilly detained Sexually Violent Predator temporarily held at the Jail in transit to a Superior Court hearing to review his civil detention, whereas the Jail inmates were pre-trial detainees accused of sex crimes and housed at the Jail awaiting further proceedings. Under these facts, Plaintiff was not similarly situated with the inmates accused of sex crimes. In addition, Plaintiff has not alleged that Defendants selected or reaffirmed a particular course of action "because of" its adverse effects upon an identifiable group. Therefore, Plaintiff fails to state an equal protection claim, and the equal protection claim should be dismissed.[1]

Plaintiff also argues that he states a First Amendment claim for violation of his religious rights, because he was not given free opportunity to participate in religious services while being held at the Jail. The protections of the Free Exercise Clause are triggered when prison officials

---

[1] Plaintiff cites to Hydrick v. Hunter, 500 F.3d 978 (9th Cir. 2007) in support of his equal protection claim. Hydrick is no longer good law, as the opinion was vacated and remanded back to the Ninth Circuit. Hunter v. Hydrick, ---U.S. ----, 129 S.Ct. 2431 (2009).  In addition, the plaintiff in that case alleged he was being treated differently than other civilly committed individuals.

substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. However, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Plaintiff alleges that he had no access to any type of "religious belief" or "religious services" while at the Jail. (2d Amd Cmpl at 8 ¶19; Suppl Compl at 16 ¶8.) However, Plaintiff does not allege facts demonstrating that he was prevented from engaging in conduct which he sincerely believes is consistent with his faith. Therefore, Plaintiff fails to state a cognizable First Amendment claim for violation of his right to free exercise of religion, and this claim should be dismissed.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on November 30, 2010, are ADOPTED in full;

2. This action now PROCEEDS on the Second Amended Complaint filed on May 12, 2008 and the Supplemental Complaint filed on June 1, 2009, on Plaintiff's Fourteenth Amendment substantive due process claims, privacy claims, and Fourth Amendment claims against Defendants Bill Whitman, Tulare County Board of Supervisors, Thomas F. Johnson, and Tulare County Mental Health Services;

3. All other claims are DISMISSED from this action;

4. This action is REFERRED BACK to the Magistrate Judge for further proceedings, including initiation of service.

IT IS SO ORDERED.

Dated:   April 5, 2011

CHIEF UNITED STATES DISTRICT JUDGE

3