**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-cv-00519-AWI-GSA-PC |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT JOHNSON SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROVIDE INFORMATION SUFFICIENT TO EFFECT SERVICE |
| v. | |
| WHITMAN, et al., | |
| Defendants. | (Doc. 58.) |
| | THIRTY DAY DEADLINE |

**I.   BACKGROUND**

Frank E. Sisneroz ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the Second Amended Complaint filed on May 12, 2008 and the Supplemental Complaint filed on June 1, 2009, against defendants Bill Whitmas, the Tulare County Board of Supervisors, Thomas F. Johnson, and Tulare County Mental Services.  (Docs. 34, 47.)

**II.   SERVICE BY UNITED STATES MARSHAL**

On June 23, 2011, the Court issued an order directing the United States Marshal ("Marshal") to initiate service of process upon defendants in this action.  (Doc. 56.)  All of the defendants were either successfully served and/or have made an appearance in this action, except defendant Thomas F Johnson.  On August 15, 2011, the Marshal filed a return of service unexecuted as to defendant Thomas F. Johnson.  (Doc. 58.)  Attached to USM-285 form returned

by the Marshal is a letter from Tulare County Counsel indicating, "After some investigation, the County has no record of a Thomas Johnson as a current or past employee of the County of Tulare and are, therefore returning the [service] documents to your office. Id. at 2.

Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, Plaintiff has not provided sufficient information to identify defendant Thomas F. Johnson and locate him for service of process. (Doc. 58.) If Plaintiff is unable to provide the Marshal with additional information, defendant Thomas F. Johnson shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why defendant Thomas F. Johnson should not be dismissed from the action at this time.

III.     **CONCLUSION**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why defendant Thomas F. Johnson should not be dismissed from this action for failure to effect service; and
2. The failure to respond to this order or the failure to show cause will result in the dismissal of defendant Thomas F. Johnson from this action.

IT IS SO ORDERED.

Dated:   September 21, 2011                              /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE

3