IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-cv-00519-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT THOMAS F. JOHNSON FROM THIS ACTION UNDER RULE 4 |
| vs. | |
| WITTMAN, et al., | (Doc. 68.) |
| Defendants / | |

## I.  BACKGROUND

Frank E. Sisneroz ("Plaintiff") is a civil detainee at Coalinga State Hospital ("CSH"), proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action now proceeds on the Second Amended Complaint filed on May 12, 2008 and the Supplemental Complaint filed on June 1, 2009, against defendants Bill Whitman, the County of Tulare, Thomas F. Johnson, and Tulare County Mental Health Services.  (Docs. 34, 47.)

On June 23, 2011, the Court issued an order directing the United States Marshal ("Marshal") to initiate service of process upon defendants in this action.  (Doc. 56.)  All of the defendants were either successfully served and/or have made an appearance in this action, except defendant Thomas F Johnson. On August 15, 2011, the Marshal filed a return of service unexecuted as to defendant Thomas F. Johnson.  (Doc. 58.)  Attached to the USM-285 form returned by the Marshal is a letter from Tulare County Counsel indicating, "After some investigation, the County has no record of a Thomas Johnson

1 as a current or past employee of the County of Tulare and are, therefore returning the [service]
2 documents to your office." Id. at 2.
3 On September 21, 2011, the Court issued an Order to Show Cause, directing Plaintiff to show
4 cause why defendant Johnson should not be dismissed from this action based on Plaintiff's failure to
5 effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure. (Doc. 64.) On October 17,
6 2011, Plaintiff filed a motion to dismiss defendant Johnson from this action pursuant to Rule 4. (Doc.
7 68.) On October 19, 2011, defendants County of Tulare and Bill Wittman filed a notice of non-
8 opposition to Plaintiff's motion. (Doc. 69.)

9 **II.    MOTION TO DISMISS UNDER RULE 4**

10 Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

11 If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without
12 prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for
13 service for an appropriate period.

14 Fed. R. Civ. P. 4(m).

15 In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the
16 Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se
17 plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons
18 and complaint and . . . should not be penalized by having his action dismissed for failure to effect service
19 where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d
20 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated
21 on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the
22 information necessary to identify the defendant, the marshal's failure to effect service is 'automatically
23 good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th
24 Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient
25 information to effect service of the summons and complaint, the Court's sua sponte dismissal of the
26 unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.
27 Plaintiff asserts that he is unable to provide further information to enable the Marshal to locate
28 and serve defendant Johnson at his current address. Plaintiff claims that he has limited resources at the

CSH law library, and there is no one qualified to assist him. Accordingly, good cause appearing, Plaintiff's motion shall be granted, and defendant Thomas F. Johnson shall be dismissed from this action based on Plaintiff's failure to effect service. Fed. R. Civ. P. 4(m).

### III. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to dismiss defendant Thomas F. Johnson from this action is GRANTED;
2. Defendant Thomas F. Johnson is DISMISSED, without prejudice, from this action based on Plaintiff's failure to effect service; and
3. The Clerk is DIRECTED to reflect the dismissal of defendant Thomas F. Johnson from this action on the Court's docket.

IT IS SO ORDERED.

Dated:   December 23, 2011

CHIEF UNITED STATES DISTRICT JUDGE