1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   FRANK E. SISNEROZ,                    1:05-cv-00519-AWI-GSA-PC

12           Plaintiff,                    ORDER GRANTING PLAINTIFF'S
                                           MOTION TO DISMISS DEFENDANT
13       vs.                               THOMAS F. JOHNSON FROM THIS
                                           ACTION UNDER RULE 4
14   WITTMAN, et al.,
                                           (Doc. 68.)
15
             Defendants
16   _____/

17   **I.      BACKGROUND**

18           Frank E. Sisneroz ("Plaintiff") is a civil detainee at Coalinga State Hospital ("CSH"),

19   proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This

20   action now proceeds on the Second Amended Complaint filed on May 12, 2008 and the Supplemental

21   Complaint filed on June 1, 2009, against defendants Bill Whitman, the County of Tulare, Thomas F.

22   Johnson, and Tulare County Mental Health Services.  (Docs. 34, 47.)

23           On June 23, 2011, the Court issued an order directing the United States Marshal ("Marshal") to

24   initiate service of process upon defendants in this action.  (Doc. 56.)  All of the defendants were either

25   successfully served and/or have made an appearance in this action, except defendant Thomas F Johnson.

26   On August 15, 2011, the Marshal filed a return of service unexecuted as to defendant Thomas F.

27   Johnson.  (Doc. 58.)  Attached to the USM-285 form returned by the Marshal is a letter from Tulare

28   County Counsel indicating, "After some investigation, the County has no record of a Thomas Johnson

                                                    1

1   as a current or past employee of the County of Tulare and are, therefore returning the [service]

2   documents to your office."  Id. at 2.

3         On September 21, 2011, the Court issued an Order to Show Cause, directing Plaintiff to show

4   cause why defendant Johnson should not be dismissed from this action based on Plaintiff's failure to

5   effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure.  (Doc. 64.)  On October 17,

6   2011, Plaintiff filed a motion to dismiss defendant Johnson from this action pursuant to Rule 4.  (Doc.

7   68.)  On October 19, 2011, defendants County of Tulare and Bill Wittman filed a notice of non-

8   opposition to Plaintiff's motion.  (Doc. 69.)

9   **II.      MOTION TO DISMISS UNDER RULE 4**

10        Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure,

11  If a defendant is not served within 120 days after the complaint is filed, the court – on
    motion or on its own after notice to the plaintiff – must dismiss the action without
12  prejudice against that defendant or order that service be made within a specified time.
    But if the plaintiff shows good cause for the failure, the court must extend the time for
13  service for an appropriate period.

14  Fed. R. Civ. P. 4(m).

15        In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

16  Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se

17  plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons

18  and complaint and . . . should not be penalized by having his action dismissed for failure to effect service

19  where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d

20  1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated

21  on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the

22  information necessary to identify the defendant, the marshal's failure to effect service is 'automatically

23  good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th

24  Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient

25  information to effect service of the summons and complaint, the Court's sua sponte dismissal of the

26  unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

27        Plaintiff asserts that he is unable to provide further information to enable the Marshal to locate

28  and serve defendant Johnson at his current address.  Plaintiff claims that he has limited resources at the

2

1   CSH law library, and there is no one qualified to assist him.   Accordingly, good cause appearing,

2   Plaintiff's motion shall be granted, and defendant Thomas F. Johnson shall be dismissed from this action

3   based on Plaintiff's failure to effect service.  Fed. R. Civ. P. 4(m).

4   **III.    CONCLUSION**

5          Based on the foregoing, **IT IS HEREBY ORDERED** that:

6          1.     Plaintiff's motion to dismiss defendant Thomas F. Johnson from this action is

7                 GRANTED;

8          2.     Defendant Thomas F. Johnson is DISMISSED, without prejudice, from this action based

9                 on Plaintiff's failure to effect service; and

10         3.     The Clerk is DIRECTED to reflect the dismissal of defendant Thomas F. Johnson from

11                this action on the Court's docket.

12   IT IS SO ORDERED.

13   Dated:    December 23, 2011

14                                                    CHIEF UNITED STATES DISTRICT JUDGE