**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-cv-00519-AWI-GSA-PC |
| Plaintiff, | ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL |
| v. | |
| WHITMAN, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**I.  BACKGROUND**

Frank E. Sisneroz ("Plaintiff") is a former civil detainee proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 20, 2005.  (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed on May 12, 2008 and the Supplemental Complaint filed on June 1, 2009, against defendants Bill Whitman, the Board of Supervisors of Tulare County, and Tulare County Mental Health Services.[1]  (Docs. 34, 47.)

On September 2, 2011, the Court issued a Discovery/Scheduling Order in this action, establishing a deadline of May 1, 2012 for the parties to conduct discovery, and a deadline of July 12, 2012 for the filing of pretrial dispositive motions.  (Doc. 62.)  No dispositive motion has been filed, and the pretrial deadlines have now expired.  At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

---

[1] Defendant Johnson was dismissed from this action on December 23, 2011, via Plaintiff's motion to dismiss under Rule 4.  (Doc. 72.)

1

1   The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## II.    CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[3]


IT IS SO ORDERED.

Dated:   **August 23, 2012**            /s/ **Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[3] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.

2