1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FRANK E. SISNEROZ,                    1:05-cv-00519-AWI-GSA-PC

12            Plaintiff,                   ORDER SETTING SETTLEMENT
                                           CONFERENCE BEFORE
13       vs.                               MAGISTRATE JUDGE
                                           GARY S. AUSTIN
14
     WHITMAN, et al.,                         **Date:  November 13, 2012**
15                                            **Time:  10:30 a.m.**

16                                         SIGNED WAIVER OR NOTICE OF NON-
                                           WAIVER DUE **October 19, 2012**
17            Defendants.
                                           CONFIDENTIAL SETTLEMENT CONFERENCE
18                                         STATEMENTS DUE **November 5, 2012**
                                    /
19

20         Plaintiff is a former civil detainee proceeding pro se with an action under 42 U.S.C. §

21   1983.  On August 23, 2012, the undersigned issued an order requiring the parties to notify the

22   court whether a settlement conference would be beneficial.  (Doc. 74.)  After reviewing the

23   responses submitted by the parties, the court has determined this case would benefit from a

24   settlement conference.  A settlement conference will be conducted at the United States District

25   Court, 2500 Tulare Street, Fresno, California 93721 on November 13, 2012 at 10:30 a.m. in

26   Courtroom #10, before the undersigned.

                                            1

1    The parties will be required to file a signed Waiver of Disqualification (attached), or

2 notice of non-waiver of disqualification, no later than October 19, 2012.

3    In accordance with the above, IT IS HEREBY ORDERED that:

4    1.    This case is set for a settlement conference before the undersigned on November

5          13, 2012 at 10:30 a.m. at the United States District Court, 2500 Tulare Street,

6          Courtroom #10 (6th Floor), Fresno, California 93721.

7    2.    The parties are required to file a signed Waiver of Disqualification, or notice of

8          non-waiver of disqualification, no later than October 19, 2012.

9    3.    Defendants' lead counsel and a person with full and unlimited authority to

10          negotiate and enter into a binding settlement on defendants' behalf shall attend in

11          person.[1]

12   4.    Those in attendance must be prepared to discuss the claims, defenses and

13          damages.  The failure of any counsel, party or authorized person subject to this

14          order to participate in the settlement conference may result in the imposition of

15          sanctions.  In addition, the conference will not proceed and will be reset to another

16          date.

17   5.    Each party shall provide a confidential settlement conference statement to Sujean

18          Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at

19

20          [1]The term "full authority to settle" means that the individuals attending the mediation
conference must be authorized to fully explore settlement options and to agree at that time to any
21   settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,
871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6
22    F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have
"unfettered discretion and authority" to change the settlement position of the party, if appropriate.
23   Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in
part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind
24   requiring the attendance of a person with full settlement authority is that the parties' view of the
case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An
25   authorization to settle for a limited dollar amount or sum certain can be found not to comply with
the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97
26   (8th Cir. 2001).

2

1    spark@caed.uscourts.gov, so they arrive no later than November 5, 2012 and file

2    a Notice of Submission of Confidential Settlement Conference Statement

3    (See Local Rule 270(d)).

4    Settlement statements **should not be filed** with the Clerk of the court **nor served on any**

5    **other party**.  Settlement statements shall be clearly marked "confidential" with the date and time

6    of the settlement conference indicated prominently thereon.

7    The confidential settlement statement shall be **no longer than five pages** in length, typed

8    or neatly printed, and include the following:

9        a.    A brief statement of the facts of the case.

10       b.    A brief statement of the claims and defenses, i.e., statutory or other

11           grounds upon which the claims are founded; a forthright evaluation of the

12           parties' likelihood of prevailing on the claims and defenses; and a

13           description of the major issues in dispute.

14       c.    A summary of the proceedings to date.

15       d.    An estimate of the cost and time to be expended for further discovery,

16           pretrial, and trial.

17       e.    The relief sought.

18       f.    The party's position on settlement, including present demands and offers

19           and a history of past settlement discussions, offers, and demands.

20       g.    A brief statement of each party's expectations and goals for the settlement

21           conference.

22

23   IT IS SO ORDERED.

24   **Dated:    September 25, 2012**          _____/s/ **Gary S. Austin**_____
                                          UNITED STATES MAGISTRATE JUDGE

25

26