IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. SISNEROZ, | 1:05-cv-00519-AWI-GSA-PC |
| Plaintiff, | ORDER SETTING SETTLEMENT CONFERENCE BEFORE MAGISTRATE JUDGE GARY S. AUSTIN |
| vs. | |
| WHITMAN, et al., | Date: **January 16, 2013**<br>Time: **10:30 a.m.**<br>Place: **Courtroom 10 (6th Floor)** |
| Defendants. | |

Plaintiff is a former civil detainee proceeding pro se with an action under 42 U.S.C. § 1983. On August 23, 2012, the undersigned issued an order requiring the parties to notify the court whether a settlement conference would be beneficial. (Doc. 74.) After reviewing the responses submitted by the parties, the Court has determined this case would benefit from a settlement conference. The parties have submitted Confidential Settlement Conference Statements to the Court. A settlement conference will be conducted at the United States District Court, 2500 Tulare Street, Fresno, California 93721 on January 16, 2013 at 10:30 a.m. in Courtroom #10, Sixth Floor, before the undersigned.

///

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on January 16, 2013 at 10:30 a.m. at the United States District Court, 2500 Tulare Street, Courtroom #10, Sixth Floor, Fresno, California 93721;

2. Plaintiff shall attend the settlement conference in person;

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendants' behalf shall attend the settlement conference in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to participate in the settlement conference may result in the imposition of sanctions and cancellation of the conference.

IT IS SO ORDERED.

Dated:   **December 13, 2012**                   **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).